UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
:
MP ANTENNA, LTD., : CASE NO. 1:12-CV-2939
:
        Plaintiff, :
:
vs. : ORDER & OPINION
:
ARCHITRON SYSTEMS, INC., *et al.*, :
:
        Defendants. :
:
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

      Plaintiff MP Antenna brought this patent action against Defendants Architron Sytems, Inc; WiFi Plus, Inc.; Immersive Technologies, Inc.; and Allen Higgins.[1] With its complaint, MP Antenna makes three claims: (1) patent infringement against Immersive Technologies; (2) tortious interference with a contract (the "Licensing Agreement") against Higgins; and (3) asks for a declaratory judgment that Architron and WiFi Plus have breached the Licensing Agreement.[2] With their answer, Immersive Technologies and Higgins counter-claimed against MP Antenna and asked the Court to declare that the Licensing Agreement is invalid.[3] The Licensing Agreement came from the parties' settlement of a related case in the Medina County Court of Common Pleas.[4]

      The Court declines to exercise supplemental jurisdiction over the parties' state-law claims. "The district courts may decline to exercise supplemental jurisdiction [over a state-law claim if] . . . the [state-law] claim substantially predominates over the claim or claims over which the

---

[1] Doc. 1 at 2.
[2] Doc. 1 at 13-16.
[3] Doc. 5 at 8-9.
[4] Doc. 5 at 8-9.

Case No. 1:12-CV-2939
Gwin, J.

district court has original jurisdiction."[5] "[A] federal court should consider and weigh in each case . . . the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendent state-law claims."[6]

Here, the Court has original jurisdiction over MP Antenna's patent infringement claim because it arose under the patent laws of the United States.[7] But MP Antenna's tortious interference with a contract claim and declaratory judgment claim are state-law claims. Similarly, Immersive Technologies's and Higgins's declaratory judgment counter-claim is a state-law claim.

The Medina County Court of Common Pleas retained jurisdiction to resolve disputes related to the parties' earlier settlement and the Licensing Agreement.[8] Because the parties now dispute the validity and terms of that settlement, the Medina County Court of Common Pleas's consideration of those issues may narrow this Court's focus or end this action. Thus, the Court finds that the interests of judicial economy favor declining to exercise supplemental jurisdiction over these state-law claims.

Therefore, the Court **DISMISSES** MP Antenna's tortious interference with a contract and declaratory judgment claims without prejudice. The Court also **DISMISSES** Immersive Technologies's and Higgins's counter-claim without prejudice.

IT IS SO ORDERED.


Dated: June 13, 2013        s/        *James S. Gwin*
                            JAMES S. GWIN
                            UNITED STATES DISTRICT JUDGE

---

[5] 28 U.S.C. § 1367.
[6] *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350 (1988).
[7] 28 U.S.C. § 1331.
[8] Doc. 1-7.