UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------

MP ANTENNA, LTD.

       Plaintiff,

vs.

ARCHITRON SYSTEMS, INC., *et al.*,

       Defendants.

-------------------------------------------------------

CASE NO. 1:12-CV-02939

OPINION & ORDER
[Resolving Doc. No. 49]

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Non-party Dr. Jack Nilsson moves this Court for a protective order.[1] Essentially Nilsson asks the Court to quash two subpoena from Defendants Allen Higgins and Immersive Technologies: one to produce documents and another to attend the Court's upcoming *Markman* hearing.[2]

Nilsson says that he has entered into a confidential settlement agreement with Plaintiff MP Antenna and that compliance with the subpoenas will breach the agreement.[3]

Nilsson provides no compelling reason why the Court should enter a protective order. Apparently, Nilsson is the original patentee of the patents at issue in this case.[4] As such, Nilsson may have relevant and important information to Defendants' defenses that the patents are invalid and that Plaintiff lacks standing to claim patent infringement. The fact that Plaintiff and Nilsson wish to keep their litigation settlement private should not impede Defendants' access to information

---

[1] Doc. 49.
[2] *Id*. The *Markman* hearing has been rescheduled, although presumably Defendants will re-subpoena Nilsson to appear on the new hearing date.
[3] *Id*.
[4] *See* Doc. 48 at 1-2.

-1-

Case No. 1:13-cv-01064
Gwin, J.

needed to prove their defenses.

Moreover, to the extent that Nilsson requests an order requiring Defendants to keep discovered information silent, Nilsson provides no basis to override the "'long-established legal tradition' which values public access to court proceedings."[5] Unwarranted restriction of court documents hampers the public's ability to act as an important check on judicial integrity.[6] Thus, in the Sixth Circuit, courts approach protective order motions with a presumption in favor of public access to judicial records.[7]

A successful protective order motion must show specifically that disclosure of particular information would cause serious harm.[8] In this case, Nilsson merely says that disclosure would breach his agreement with MP Antenna. MP Antenna This is not enough.

The Court, therefore, **DENIES** Nilsson's motion for a protective order.

IT IS SO ORDERED.

Dated: January 23, 2014                    s/    *James S. Gwin*
                                           JAMES S. GWIN
                                           UNITED STATES DISTRICT JUDGE

---

[5] *Procter & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219, 227 (6th Cir. 1996) (quoting *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1177 (6th Cir. 1983)).

[6] *See Brown & Williamson*, 710 F.2d at 1179; *Wilson v. Am. Motors Corp.*, 759 F.2d 1568, 1570 (11th Cir. 1985) (observing that "trials are public proceedings" and that access to court records preserves "the rights of the public, an absent third party").

[7] *See, e.g.*, *In re Perrigo Co.*, 128 F.3d 430, 447 (6th Cir. 1997).

[8] *See, e.g.*, *Brown & Williamson*, 710 F.2d at 1179-80.